IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In Re: KEVIN GENTER, | § | |
| | § | |
| Debtor | § | |
| ─────────────────────────── | § | |
| | § | |
| ROGER C. GENTER and | § | |
| SUSIE E. GENTER, | § | |
| | § | |
| Appellants, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-CV-0965-K |
| | § | |
| DIANE G. REED, TRUSTEE, | § | |
| | § | |
| Appellee. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Appellants Roger C. Genter and Susie E. Genter's Motion for Leave to Pursue Interlocutory Appeal ("Motion") (Doc. No. 2-1), filed with their Notice of Appeal and Amended Notice of Appeal (Doc. 1-1), on April 29, 2021. The Court has carefully considered the Motion, the Response, the applicable law, and the relevant parts of the record. Because Appellants did not timely file their notice of appeal, the Court is without jurisdiction to hear the appeal. Therefore, the Motion must be **denied** and this matter is **dismissed**.

ORDER – PAGE 1

Appellants seek leave to appeal an interlocutory order entered by the Bankruptcy Court in the underlying bankruptcy matter. *See* Notice of Transmittal (Doc. No. 1-1), Am, Notice of Appeal at 1. In its Order Granting Trustee's Emergency Motion to Enforce, the Bankruptcy Court found Appellants in violation of the previous order freezing assets, ordered an evidentiary hearing be held, ordered Appellants to participate in discovery, and also ordered that Appellants may not transfer or otherwise dissipate, dispose, or encumber any assets currently held until entry of a final judgment. Mot. at 3. In its Motion, Appellants discuss at length the authority and basis for granting them leave to appeal the Bankruptcy Court's Order Granting Trustee's Emergency Motion to Enforce. *See* Mot. at 4-8. In her Response, Appellee Diane G. Reed, Trustee, argues that the Court is without subject matter jurisdiction to entertain an interlocutory appeal because Appellant's notice of appeal was untimely, so the Motion must be denied. Resp. (Doc. No. 3) at 4-5. Appellants did not file a reply.

A party must file a notice of appeal in the bankruptcy court within fourteen days after the entry of the judgment, order, or decree being appealed. FED. R. BANKR. P. 8002(a)(1); *see also* 8004(a) (to appeal from interlocutory order, party must file notice of appeal within time set by Rule 8002 along with its motion for leave to appeal). This rule applies with equal force to both final and interlocutory orders. *In re O'Connor*, 258 F.3d 392, 398 (5th Cir. 2001). "Since the statute defining jurisdiction over bankruptcy

appeals expressly requires that the notice of appeal be filed under the time limited provided in Rule 8002, we conclude that the time limit is jurisdictional." *In re Berman-Smith*, 737 F.3d 997, 1003; *see also Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 61 (1982) ("It is well settled that the requirement of a timely notice of appeal is 'mandatory and jurisdictional.'"). Therefore, "failure to file a timely notice of appeal in the district court leaves the district court . . . without jurisdiction to hear the appeal." *In re Berman-Smith*, 737 F.3d 997, 1003.

It is clear from the record before the Court that Appellants' notice of appeal was untimely. The Bankruptcy Court's Order Granting Trustee's Emergency Motion to Enforce is dated March 29, 2021 and was entered that same date. *See* Notice of Transmittal, Or. at 5; Bankr. Ct. Docket at 28. Pursuant to Rule 8002(a)(1), Appellants' Notice of Appeal was due by April 12, 2021. Appellants' filed their original Notice of Appeal on April 14, 2021. *See* Notice of Transmittal at 4 & 9. The original Notice of Appeal included the wrong docket number and date for the interlocutory order; Appellants' then filed their Amended Notice of Appeal on April 19, 2021. *See id.* at 2. Even taking their original Notice of Appeal as the date notice of appeal was filed, Appellants missed their deadline by two days.

In the "Background" section of their Motion, Appellants represent to the Court that the Order was entered on March 31, 2021, and cite to the Order in support of

this. Mot. at 4. If true, this would bring Appellant's notice of appeal within the 14-day deadline. However, both the Order and the Bankruptcy Court's docket unequivocally show that the Order was dated and entered March 29, 2021, not March 31, 2021. *See* Notice of Transmittal, Or. at 5; Bankr. Ct. Docket at 28. Moreover, Appellants' own Amended Notice of Appeal also reflects that March 29, 2021 is the correct date. *See id.* at 2. Based on the record before the Court, Appellants' notice of appeal was untimely filed on April 14, 2021, as it was due April, 12, 2021. *See Tech. Lending Partners, LLC v. San Patricio County Cmty. Action Agency*, Misc. Action No. 2-07-105, 2008 WL 717824, at *1-2 (S.D. Tex. Mar. 14, 2008) (appellant's motion for leave to appeal interlocutory order denied because court lacked jurisdiction to review the order due to untimely notice of appeal).

Appellants failure to timely file their Notice of Appeal deprives this Court of jurisdiction to consider an appeal of this interlocutory Order of the Bankruptcy Court. *See In re Berman-Smith*, 737 F.3d at 1003. Therefore, the Court must **deny** the Motion. This matter is **dismissed**.

    **SO ORDERED.**

    Signed June 30th, 2020.

*Ed Kinkeade*
_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE